■ CLARENCE D. DAVIS, INC., Appellant, v. DUN & BRADSTREET, INC., Respondent.—Appeal from an order of a Special Term, Supreme Court, Chemung County. In this action for libel based on a false credit report of plaintiff published by defendant mercantile agency, the original complaint alleged defamation and negligence in the preparation of the report; but not having alleged malice, it was dismissed, at Special Term with leave to replead on the ground the pleadings showed the report was qualifiedly privileged and that malice must be pleaded. No appeal was taken from this order. An amended complaint was served alleging malice; at the opening of the examination of the jury on the trial, upon plaintiff's statement that the action was for negligence, objection was made by defendant, the case was adjourned, and the plaintiff later moved further to amend the complaint. The court denied the motion to amend. The proposed amendment merely deleted allegations of malice and emphasized the theory of negligence. We think the denial of the motion to allow this amendment was proper and should be affirmed. If the plaintiff has a good cause of action under the facts pleaded, the first amended complaint pleading malice sufficiently states it to admit

all relevant proof establishing the cause. The essential base of actionable libel is malice (in the false publication) either actual animus or malice inferred in the legal sense from the falsity. Under circumstances of qualified privilege, malice will usually not be inferred alone from the falsity, but must be shown independently. Sometimes malice may be shown from such wanton and reckless a disregard of plaintiff's rights as will be regarded as the equivalent of actual malice (*Pecue* v. *West*, 233 N. Y. 316, 322). But this is not mere negligence. No authority has been cited to sustain a theory of libel under conditions of qualified privilege based on falsity and negligence without malice. Actual malice or the kind of reckless disregard for the truth considered in *Pecue* would be sufficient. In either event the basis of the cause is malice and not negligence and could be sufficiently established under the present pleading. Negligence as sought to be pleaded in the new pleading would add nothing to the cause of action and would not itself be actionable. Order unanimously affirmed, with $10 costs. Present — Bergan, J. P., Coon, Gibson, Herlihy and Reynolds, JJ.